IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIANNE SEGURA )
2904 P Street, NW )
Washington, DC 20007, )
)
      Plaintiff, ) Case No.
)
      v. )
)
NOVASTAR HOME MORTGAGE, INC. )
8140 Ward Parkway )
Kansas City, MO 64114, )
)
      Defendant. )
)

## NOTICE OF REMOVAL

Pursuant to Article III, Section 2 of the U.S. Constitution, 28 U.S.C. § 1332(a)(1), and 28 U.S.C. §§ 1441(a) and (b), the Defendant in this action, NovaStar Home Mortgage, Inc., ("NovaStar") removes the above-captioned lawsuit from the Superior Court for the District of Columbia, where it currently is pending, to the United States District Court for the District of Columbia. As grounds for the removal of this case, NovaStar states as follows:

1. On June 7, 2007, Plaintiff Marianne Segura filed a Complaint in the Superior Court of the District of Columbia, naming NovaStar as the sole defendant. That matter is captioned *Segura v. NovaStar Home Mortgage, Inc.*, No. 0003910-07. Service was made on NovaStar's registered agent on June 12, 2007. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days of NovaStar's receipt of the Summons and Complaint.

2.   This Court has jurisdiction over this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the Plaintiff and Defendant are citizens of different states and the amount of the matter in controversy exceeds $75,000.

3.   Plaintiff alleges that she is a resident of the District of Columbia. (Compl. ¶ 2). NovaStar is a Delaware Corporation, with its principal place of business in Kansas City, Missouri. (*id.* ¶ 2 - recognizing that NovaStar is not a D.C. corporation).

4.   Because Plaintiff is a citizen of the District of Columbia, and NovaStar is a citizen of Delaware and Missouri, the diversity requirement of section 1332(a) is satisfied.

5.   In her Complaint, Plaintiff seeks an accounting of mortgage loan closings for which she alleges that broker commissions were not paid to her during the years 2003 and 2004. (Compl. ¶¶ 10, 16). Specifically, Plaintiff alleges in 2003 and 2004, she arranged for loans in the District of Columbia "for the benefit of [NovaStar]," which exceeded $29,500,000 (*Id.* ¶¶ 11).

6.   Although the Complaint does not state the amount of commissions to which Plaintiff is supposedly entitled, her attorneys have informed counsel for NovaStar that Plaintiff's claim is "at least" $112,000. The amount in controversy therefore exceeds $75,000, as required by 28 U.S.C. § 1332(a).

7.   Accordingly, removal is appropriate because this civil action is one over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

8.   The United States District Court for the District of Columbia is the federal judicial district embracing the Superior Court of the District of Columbia, where this suit was originally filed. Venue is thus proper in this Court under 28 U.S.C. § 1441(a).

9.   NovaStar attaches hereto a copy of all process, pleadings, and orders served to date in the state court action, as required by 28 U.S.C. § 1446(a).

10. Upon the filing of this Notice of Removal, NovaStar shall furnish written notice thereof to Plaintiff's counsel, and shall file and serve a copy of this Notice with the Clerk of the Superior Court of the District of Columbia, pursuant to 28 U.S.C. § 1446(d).

Wherefore, NovaStar respectfully requests that this matter be removed from the Superior Court of the District of Columbia, that this Court exercise jurisdiction over this action, and that the Court grant to NovaStar all other appropriate relief.

DATED: July 2, 2007

Respectfully submitted,

*/s/ Bruce E. Alexander*
Bruce E. Alexander (D.C. Bar No. 494470)
Nancy W. Hunt (D.C. Bar No. 492912)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
alexander@wbsk.com

Counsel for Defendant
NovaStar Home Mortgage, Inc.

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of Defendant NovaStar Home Mortgage, Inc.'s, Notice of Removal to be served via First-Class Mail, postage prepaid, on July 2, 2007, upon the following:

William Krebs, Esq.
Juanita F. Ferguson, Esq.
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, VA  22201

*/s/ Bruce E. Alexander*
Bruce E. Alexander

F:\98054\068\lnwh1390.notice removalv2.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

MARIANNE SEGURA
  Vs.                                       C.A. No.    2007 CA 003910 B
NOVASTAR HOME MORTGAGE, INC.

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge LYNN LEIBOVITZ
Date: June 7, 2007
Initial Conference: 9:30 am, Friday, September 07, 2007
Location: Courtroom 312
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

Marianne Segura
2904 P Street NW
Washington, D.C. 20007   *Plaintiff*

vs.

NovaStar Home Mortgage, Incx.
Serve: Registered Agent
CT Corporation System
1015 15th Street NW, Ste 1000   *Defendant*
Washington, DC 20005

0003910-07

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

Juanita P. Ferguson
Name of Plaintiff's Attorney

Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., 7th Floor
Address
Arlington, VA 22205

(703) 525-4000
Telephone

Deputy Clerk

JUN 0 7 2007
Date

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

MARIANNE SEGURA,
2904 P STREET NW
WASHINGTON, DC 20007

Plaintiff,

v.

NOVASTAR HOME MORTGAGE, INC.
SERVE: REGISTERED AGENT
CT CORPORATION SYSTEM
1015 15ᵀᴴ STREET NW, SUITE 1000
WASHINGTON, DC 20005

Defendant.

0003910-07

Civil Action No.

RECEIVED
Civil Clerk's Office
JUN 0 7 2007
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT FOR ACCOUNTING

Plaintiff Marianne Segura ("Segura") sues NovaStar Home Mortgage, Inc. ("Defendant") on the following allegations:

1. This Court has jurisdiction over this matter pursuant to D.C. Code § 11-921 (2001 ed.).

2. Plaintiff is an adult resident of the District of Columbia.

3. Defendant is not organized in the District of Columbia and is registered as a foreign corporation doing business in the District of Columbia.

4. Upon information and belief, Defendant has also done business in the District of Columbia as Novastar Financial, Inc. ("NovaStar Financial), a corporation not organized in the District of Columbia or registered as a foreign corporation.

5. Defendant and/or NovaStar Financial have done business in the District of Columbia as mortgage brokers at all relevant times.

6. Plaintiff has been a mortgage broker at all relevant times.

7. Defendant was at all relevant times a residential mortgage lender/broker in the District of Columbia.

8. On or about April 2003, Plaintiff entered into an agreement with Defendant whereby Defendant agreed to pay commissions to Plaintiff in the amount of 75% of the brokerage fees received by Defendant for each mortgage Plaintiff obtained relating to the sale or refinance of residential real property in the District of Columbia metropolitan area.

9. Defendant, via NovaStar Financial, made payments to Plaintiff totaling $86,299.66 in the year 2004 in connection with residential mortgages that were procured by Plaintiff and financed by Defendant.

10. Between the years of 2003 and 2004, Plaintiff's arranged for mortgages of real property in the District of Columbia metropolitan area for the benefit of Defendant.

11. The principal amounts of the mortgages were in excess of 29,500,000.

12. Plaintiff has not been compensated in accordance with her agreement with Defendant.

13. Plaintiff is entitled to the commissions in the amount of 75% of the brokerage fees that were received by Defendants for each mortgage procured by Plaintiff.

14. Defendant has failed to honor its agreement with Plaintiff.

15. Plaintiff incurred damages, to be proven at trial, as a result of Defendant's failure to abide by the terms of the agreement.

16. Defendant owes Plaintiff significant sums of money, and should be ordered to provide to her, an accounting of each transaction relating to any sales generated by Plaintiff.

**WHEREFORE**, Plaintiff Marianne Segura prays that the Court enter an Order requiring that Defendant:

1) Prepare and submit to Plaintiff and the Court an accounting of all activities relating to any financial transaction which resulted from sales generated by Plaintiff;

2) Identify all revenues generated by Plaintiff while in the employ of Defendant;

3) Identify all payments made by Defendant to Plaintiff;

4) Account for the total fees earned for each of the sales generated by Plaintiff;

5) Enter judgment in Plaintiff's favor against Defendant for compensatory damages in an amount to be determined at trial;

6) Award Plaintiff her reasonable attorneys' fees and the costs of this suit; and

7) Grant her such other and further relief which to this Court deems just and proper.

Respectfully submitted,

BEAN, KINNEY & KORMAN, P.C.

By: _____
William Krebs, Esq. D.C. Bar No. 960534
Juanita F. Ferguson, Esq. D.C. Bar No. 471045
2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
(703) 525-4000
(703) 525-2207
jferguson@beankinney.com
Counsel for Plaintiff

3




**BEAN KINNEY & KORMAN**
ATTORNEYS

2300 WILSON BOULEVARD
7TH FLOOR
ARLINGTON, VA 22201
PHONE 703.525.4000
FAX    703.525.2207

Juanita F. Ferguson, Esquire
Admitted: VA and DC
JFerguson@beankinney.com

December 13, 2006

**VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED**
**AND BY FIRST CLASS MAIL**

Mr. Donald Anderson
Manager
NOVASTAR FINANCIAL, INC.
8140 Ward Parkway, Suite 300
Kansas City, MO 64114

  **RE: Marianne Segura**

Dear Mr. Anderson:

  Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale real properties.

  According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

  **DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA. PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN DECEMBER 20, 2006, TO THE FOLLOWING:**

    William F. Krebs
    Marianne Segura
    BEAN, KINNEY & KORMAN, P.C.
    2000 North 14th Street, Suite 100
    Arlington, Virginia 22201



      In the event full and timely payment is not received as demanded, Ms. Segura is prepared to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

      Kinldy give this matter your immediate attention.

                       Sincerely yours,
                       BEAN, KINNEY & KORMAN, P.C.

                       Juanita F. Ferguson

cc:    Marianne Segura

NovaStar Home Mortgage, Inc.
8140 Ward Parkway, Suite 300
Kansas City, MO 64114
816-237-7000
816-237-7198 (FAX)

## ARBITRATION AGREEMENT

Any controversy, dispute or claim ("Claim") whatsoever between _____ ("Employee") on the one hand, and NovaStar Financial, Inc. and it's affiliates ("Company"), or any of their employees, officers and agents (collectively "Company Parties") on the other hand, shall be settled by binding arbitration, at the request of either party, in accordance with the Employment Dispute Resolution Procedures of the American Arbitration Association. The claims covered by this agreement include, but are not limited to, claims for wages and other compensation, claims for breach of contract (expressed or implied), tort claims, claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, medical conditions and disability), and claims for violation of any federal, state, or government law, statute, regulation, or ordinance, except for claims for workers' compensation or unemployment insurance benefits. Also not covered are claims by either party for injunctive and/or equitable relief, including but not limited to those for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information.

The American Arbitration Association shall give each party a list of names drawn from its panel of commercial arbitrators. The arbitrator shall apply appropriate state substantive law and evidence code to the proceedings. The demand for arbitration must be in writing. The arbitration shall take place in the county and state in which the branch is located for all NovaStar Financial, Inc. employees and it's affiliates. The parties shall be entitled to conduct reasonable discovery, including conducting depositions and requesting documents. The arbitrator shall have the authority to determine what constitutes reasonable discovery and may limit the number of depositions a party may take and the number and nature of documents a party may request. The arbitrator shall prepare in writing and provide to the parties a decision and award which includes factual findings and the reasons upon which the decision is based.

The decision of the arbitrator shall be binding and conclusive on the parties and unreviewable for error of law, except as limited review is otherwise required by law. Judgement upon the award rendered by the arbitrator may be entered in any court having proper jurisdiction. The fees for the arbitrator shall be paid by NovaStar.

Both the COMPANY and EMPLOYEE understand and agree that by using arbitration to resolve any Claims between EMPLOYEE and COMPANY or any or all of the COMPANY Parties they are both giving up the right that they may have to a judge or jury trial with regard to those Claims. Your signature on this agreement is optional.

If any provision of this Agreement is held by an arbitrator or court of competent jurisdiction to be invalid, void, or unenforceable, the invalid provision shall be excised and the remaining provisions shall remain in full force and effect without being impaired or invalidated in any way.

This Arbitration Agreement between EMPLOYEE and COMPANY constitute the entire agreement between parties with respect to the matter reference herein. This Agreement can be modified only by a written instrument executed by EMPLOYEE and Lance Anderson on behalf of the COMPANY.

COMPANY: *Amy Milligan* (signature)
By: _____
HR Representative on behalf of employer,
NovaStar Financial, Inc.

Dated: _____

EMPLOYEE:
MARIANNE SEGURA
Print Name

*Marianne Segura* (signature)
Signature

Return your completed form to the Human Resources Department, Kansas City, MO Office.

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Marianne Segura
2904 P Street, NW
Washington, DC 20007

11001

## DEFENDANTS

NovaStar Home Mortgage, Inc.,
Serve: Registered Agent, CT Corporation System
1015 15th Street, NW, Suite 1000
Washington, DC 20005

88880

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

William Krebs, Esq.
Juanita F. Ferguson, Esq.
Bean, Kinney & Korman, PC
2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
Tel.: 703-525-4000

Case: 1:07-cv-01203
Assigned To : Huvelle, Ellen S.
Assign. Date : 7/3/2007
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ⊙ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☒ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ⊙ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Removed 28 U.S.C. 1441 Mortgage Broker Commission

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 112,000.00   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 3, 2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.