IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARIANNE SEGURA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-01203 ESH |
| ) | |
| v. ) | |
| ) | |
| NOVASTAR HOME MORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant NovaStar Home Mortgage, Inc. ("NovaStar"), by its attorneys, moves to dismiss the Complaint because plaintiff agreed to arbitrate these claims. A copy of the Arbitration Agreement is attached hereto as Ex. 1.

The gravamen of the Complaint is that plaintiff is entitled to additional compensation because of mortgage loans that she helped NovaStar to broker. *See* Compl. ¶¶13-15. Claims for wages and compensation, however, are governed by an Arbitration Agreement. Ex. 1 ("The claims covered by this agreement include, but are not limited to, claims for wages and other compensation."). Since this dispute falls with the scope of the Arbitration Agreement, arbitration is the only forum available to plaintiff for these claims. *See, e.g., Emeronye v. CACI Int'l.*, 141 F. Supp. 2d 82 (D.D.C. 2001). This lawsuit should, therefore, be dismissed without prejudice.

DATED: July 9, 2007

                                              Respectfully submitted,

                                              /s/ Brian P. Perryman
                                              Brian P. Perryman (D.C. Bar No. 491034)
                                              Bruce E. Alexander (D.C. Bar No. 494470)
                                              Nancy W. Hunt (D.C. Bar No. 492912)

WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
alexander@wbsk.com

Counsel for Defendant
NovaStar Home Mortgage, Inc.

## CERTIFICATE OF SERVICE

I certify that I caused a true and correct copy of Defendant NovaStar Home Mortgage, Inc.'s, Motion to Dismiss and Memorandum in Support to be served via First-Class Mail, postage prepaid, on July 9, 2007, upon the following:

William Krebs, Esq.
Juanita F. Ferguson, Esq.
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, VA  22201

/s/ Brian P. Perryman
Brian P. Perryman (D.C. Bar No. 491034)
Bruce E. Alexander (D.C. Bar No. 494470)
Nancy W. Hunt (D.C. Bar No. 492912)
WEINER BRODSKY SIDMAN KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Telephone: 202.628.2000
Facsimile: 202.628.2011
alexander@wbsk.com

Counsel for Defendant
NovaStar Home Mortgage, Inc.

F:\98054\068\lbea2470CompelArbmot.doc

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MARIANNE SEGURA, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-01203 ESH |
| ) | |
| v. ) | |
| ) | |
| NOVASTAR HOME MORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NovaStar Home Mortgage, Inc. ("NovaStar"), by its attorneys, respectfully submits this Memorandum in Support of its Motion to Dismiss the Complaint ("Motion") without prejudice. The only issued raised by the Motion is whether the plaintiff's claims are governed by a binding agreement to arbitrate. They are. Ex. 1 to Motion. As a result, this Court lacks jurisdiction to hear plaintiff's claims, and they should be dismissed without prejudice.

## BACKGROUND

Plaintiff filed this action on June 7, 2007, in the Superior Court for Washington, D.C. Service was effected on NovaStar's registered agent on June 12. NovaStar timely removed this action on July 2, 2007.

The Complaint asserts that plaintiff was employed by NovaStar as a mortgage broker. Compl. ¶¶6, 8. The Complaint also alleges that NovaStar has not compensated plaintiff for the full extent to which she is supposedly entitled. Compl. ¶¶12, 14-16.

NovaStar denies that plaintiff is entitled to any additional compensation, but the Court need not – and should not – reach this issue. Plaintiff has previously agreed to pursue any and all claims for wages and compensation through arbitration. Ex. 1 to Motion ("The claims covered

by this agreement include, but are not limited to, claims for wages and other compensation."). As a result, this Court (indeed any court) has no jurisdiction to entertain plaintiff's claims for compensation, and this Complaint should be dismissed without prejudice.

## ARGUMENT

The Arbitration Agreement is not ambiguous. It contains a specific agreement between the parties to arbitrate any claims concerning plaintiff's compensation. Ex. 1 to Motion. Although Defendant emphatically denies owing plaintiff any additional compensation, the merits of plaintiff's claims should not be addressed by this Court. Rather, the Complaint should be dismissed without prejudice.

The Federal Arbitration Act (the "Act"), 9 U.S.C. § 2, declares a strong "federal policy favoring arbitration . . ." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1985). The primary purpose of the Act is to ensure that agreements to arbitrate are upheld. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Any party opposing arbitration must carry the burden of showing that the claims are not arbitrable. *Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Indeed, the intent to arbitrate is "generously construed." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). In this lawsuit, the relevant language states: "Any controversy, dispute or claim ("Claim") ***whatsoever . . . shall*** be settled by binding arbitration." (emphasis added) Plaintiff's claims are, therefore, clearly intended to be arbitrated.

Although Section 3 of the Act explicitly provides for a stay of judicial proceedings, many court have decided that dismissal is proper when ***all*** the claims in a lawsuit must be arbitrated. *See Green Tree Fin. Corp. – Alabama*, 531 U.S. at 89, 92 (effectively affirming dismissal by trial court); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir.

2

2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal when all of the issues . . . must be submitted to arbitration."); *Emeronye v. CACI Int'l.*, 141 F. Supp. 2d 82 (D.D.C. 2001).

Indeed, the Act "leaves no place for the exercise of discretion by the district courts, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc.*, 470 U.S. at 218. Arbitration is the only remedy to the complaining party when the dispute falls within the scope of the arbitration agreement. *E.g., Nelson v. Insignia/ESG, Inc.,* 215 F. Supp. 2d 143, 158 (D.D.C. 2002); *Lombard Securities Inc. v. Thomas F. White & Co., Inc.*, 903 F. Supp. 895, 899 (D. Md. 1995).

Under these authorities, all claims in the Complaint must be submitted to arbitration. The Arbitration Agreement explicitly and specifically states that all claims for compensation shall be submitted to binding arbitration. *See Perry v. Thomas,* 482 U.S. 483, 491 (1987)(enforcing arbitration over a wage claim). Consequently, this Court has no jurisdiction to entertain plaintiff's claims and this lawsuit should be dismissed without prejudice. *See Choice Hotels*, 252 F.3d at 709-10; *Alford*, 975 F.2d at 1164.

## **CONCLUSION**

For the reasons stated herein, the Motion should be granted. The Complaint should be dismissed without prejudice because plaintiff agreed to arbitrate all of her claims.

DATED: July 9, 2007

                                 Respectfully submitted,

                                 /s/ Brian P. Perryman
                                Brian P. Perryman (D.C. Bar No. 491034)
                                Bruce E. Alexander (D.C. Bar No. 494470)

3

        Nancy W. Hunt (D.C. Bar No. 492912)
        WEINER BRODSKY SIDMAN KIDER PC
        1300 19th Street NW, Fifth Floor
        Washington, DC 20036
        Telephone: 202.628.2000
        Facsimile: 202.628.2011
        alexander@wbsk.com

        Counsel for Defendant
        NovaStar Home Mortgage, Inc.

F:\98054\068\lbea2471CompelArbmemv2.doc

MARIANNE SEGURA v. NOVASTAR HOME MORTGAGE, INC.

Case No. 1:07-cv-01203

EXHIBIT 1

TO

NOVASTAR HOME MORTGAGE INC.'S MOTION TO DISMISS

NovaStar Home Mortgage, Inc.
8140 Ward Parkway, Suite 300
Kansas City, MO 64114
816-237-7000
816-237-7198 (FAX)

## ARBITRATION AGREEMENT

Any controversy, dispute or claim ("Claim") whatsoever between _____ ("Employee") on the one hand, and NovaStar Financial, Inc. and it's affiliates ("Company"), or any of their employees, officers and agents (collectively "Company Parties") on the other hand, shall be settled by binding arbitration, at the request of either party, in accordance with the Employment Dispute Resolution Procedures of the American Arbitration Association. The claims covered by this agreement include, but are not limited to, claims for wages and other compensation, claims for breach of contract (expressed or implied), tort claims, claims for discrimination (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, medical conditions and disability), and claims for violation of any federal, state, or government law, statute, regulation, or ordinance, except for claims for workers' compensation or unemployment insurance benefits. Also not covered are claims by either party for injunctive and/or equitable relief, including but not limited to those for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information.

The American Arbitration Association shall give each party a list of names drawn from its panel of commercial arbitrators. The arbitrator shall apply appropriate state substantive law and evidence code to the proceedings. The demand for arbitration must be in writing. The arbitration shall take place in the county and state in which the branch is located for all NovaStar Financial, Inc. employees and it's affiliates. The parties shall be entitled to conduct reasonable discovery, including conducting depositions and requesting documents. The arbitrator shall have the authority to determine what constitutes reasonable discovery and may limit the number of depositions a party may take and the number and nature of documents a party may request. The arbitrator shall prepare in writing and provide to the parties a decision and award which includes factual findings and the reasons upon which the decision is based.

The decision of the arbitrator shall be binding and conclusive on the parties and unreviewable for error of law, except as limited review is otherwise required by law. Judgement upon the award rendered by the arbitrator may be entered in any court having proper jurisdiction. The fees for the arbitrator shall be paid by NovaStar.

Both the COMPANY and EMPLOYEE understand and agree that by using arbitration to resolve any Claims between EMPLOYEE and COMPANY or any or all of the COMPANY Parties they are both giving up the right that they may have to a judge or jury trial with regard to those Claims. Your signature on this agreement is optional.

If any provision of this Agreement is held by an arbitrator or court of competent jurisdiction to be invalid, void, or unenforceable, the invalid provision shall be excised and the remaining provisions shall remain in full force and effect without being impaired or invalidated in any way.

This Arbitration Agreement between EMPLOYEE and COMPANY constitute the entire agreement between parties with respect to the matter reference herein. This Agreement can be modified only by a written instrument executed by EMPLOYEE and Lance Anderson on behalf of the COMPANY.

COMPANY: *Amy Milligan*
By: _____
HR Representative on behalf of employer,
NovaStar Financial, Inc.

EMPLOYEE:
MARIANNE SEGURA
Print Name

*Marianne Segura*
Signature

Dated: _____

Return your completed form to the Human Resources Department, Kansas City, MO Office.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIANNE SEGURA, | ) |
| Plaintiff, | ) Case No. 1:07-cv-01203 ESH |
| v. | ) |
| NOVASTAR HOME MORTGAGE, INC., | ) |
| Defendant. | ) |

### ORDER

Before the Court is Defendant's, NovaStar Home Mortgage, Inc. ("NovaStar"), Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Upon consideration of NovaStar's Motion, Memorandum in Support, Arbitration Agreement, and plaintiff's Opposition, it appears that NovaStar's Motion should be granted. Accordingly, it is hereby:

ORDERED, that the Complaint be dismissed without prejudice because the claims asserted in the Complaint are governed by an Arbitration Agreement.

DATED this ____ day of _____, 2007.

_____
United States District Court Judge

F:\98054\068\lbea2479CompelArbOrd.doc