# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARIANNE SEGURA,

      **Plaintiff,**

**v.**

  **NOVASTAR HOME MORTGAGE, INC.**

      **Defendant.**

**Case No. 1:07-cv-01203 ESH**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

**COMES NOW**, Plaintiff Marianne Segura ("Segura") by and through counsel, and in response to Defendant NovaStar Home Mortgage, Inc.'s ("Defendant") Motion to Dismiss states the following:

1. Plaintiff was in employed by Defendant from 2003 until 2006.

2. Plaintiff does not recall executing an Arbitration Agreement ("Agreement") while in the employ of Defendant.

3. Plaintiff has no recollection of being provided with a signed copy of the Agreement while she was employed by Defendant.

4. Defendant began writing Defendant in December 2006 in an effort to resolve the outstanding pay issues that exist between the parties.

5. Defendant did not respond to Plaintiff's numerous attempts to communicate with Defendant.

6. Defendant did not advise Plaintiff of the Agreement after it was served with Plaintiff's Superior Court Complaint and removed this case to this Court.

7. Defendant does not make a demand for arbitration in its motion.

8. Plaintiff is not opposed to arbitrating her claims against Defendant in an arbitration.

9.    Without oversight by the Court, it is unlikely that Defendant will be an active participant in arbitration given its nonresponsiveness to Plaintiff in the past.

10.    Defendant should bear all fo the costs for the arbitration.

**WHEREFORE,** for all of the reasons stated above and in the attached Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Motion to Dismiss, Plaintiff respectfully requests that the Court enter an order staying all further proceedings in the matter, compel arbitration between the parties and order Defendant to incur all of the arbitration costs, and any such other and further relief that the Court deems proper.

Respectfully submitted,

By:    _/S/ William S. Krebs_
William Krebs, Esq. D.C. Bar No. 960534
Juanita F. Ferguson, Esq.  D.C. Bar No. 471045
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
(703) 525-4000
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM./ECF System, which will then send a notification of such filing to the following:

Brian Patrick Perryman, Esq.
Weiner, Brodsky, Sidman & Kider
1300 19th Street NW, 5th Floor
Washington, D.C.  20036
perryman@wbsk.com

_/S/ William F. Krebs_
William F. Krebs

2

MARIANNE SEGURA,

        Plaintiff,

v.

NOVASTAR HOME MORTGAGE, INC.

        Defendant.

Case No. 1:07-cv-01203 ESH

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

## I.    Overview

    The present matter arises out of Defendant's failure to pay Plaintiff compensation earned for work performed on behalf of Defendant.  Plaintiff, a mortgage broker, worked for Defendant from approximately 2003 until 2006.  Defendant, also a mortgage broker, agreed to pay Plaintiff 75% of the brokerage fees for each mortgage that Plaintiff obtained relating to the financing or refinance of residential real property in the District of Columbia metropolitan area.  To date, Defendant owes Plaintiff at least $112,000.00 in outstanding commissions.  Plaintiff wrote Defendant on numerous occasions in 2006 and in 2007 and never received a reply to any of her letters.  *See* Ex. A, Affid. [1] On June 7, 2007, Plaintiff filed her Complaint for Accounting ("Complaint") in the Superior Court of the District of Columbia in order to determine the exact amount of commissions that she is due.  In response to the Complaint, on June 22, 2007 Defendant's counsel communicated to Plaintiff's counsel that Defendant was no longer in business and that Defendant wanted to resolve the matter

---

[1] At time of filing Response, Plaintiff had confirmed the accuracy of the Affidavit but had not returned the executed signature page to be included in this filing.  Upon receipt of the executed signature page, it will be submitted to the Court.

absent litigation. Defendant's counsel did not communicate that the Agreement existed. In good faith and with the expectation of disposing of any litigation, Plaintiff provided supporting documentation of the commissions that she believes she is due to Defendant. In response to her continued efforts to resolve her claim, Defendant removed the matter to the Court and now, as a further dilatory tactic, seeks dismissal of the matter.

Notwithstanding that Plaintiff does not recall executing it, the Agreement states that the fees of the arbitrator are to borne by Defendant. Defendant is to pay for the entire arbitration. Given Defendant's representations that it is no longer in business, a judicial stay is appropriate in lieu of dismissal. Judicial oversight will guarantee Defendant's participation in resolving the dispute via arbitration.

## II.    ARGUMENT

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("Act") provides that the Court shall "on application of one of the parties *stay the trial of the terms* of the [arbitration] agreement, providing that *applicant for the stay* is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphasis added). Defendant cites numerous cases in support of why the matter should be dismissed and why Plaintiff's claims should be submitted to arbitration. Yet Plaintiff does not compel the Court to order arbitration nor does Defendant articulate that it has made, or intends to make, a demand for arbitration. A review of the proposed Order submitted by Defendant for the Court's consideration reveals that Defendant does not advocate that the parties proceed to arbitration. It only states that "the Complaint be dismissed without prejudice because the claims asserted in the Complaint are governed by an Arbitration Agreement." *See* Def.'s Mot. Dismiss. Defendant's motion is inconsistent with an intent to arbitrate the matter.

4

Notwithstanding that the Agreement is undated and it is unclear when the parties may have entered into it, Plaintiff is no opposed to arbitrating her claims as long as Defendant provides confirmation that it will be an active participant in arbitration and that it will bear the costs associated with the arbitration. The Agreement states that "[t]he *fees for the arbitrator* shall be paid by NovaStar." Def.'s Mot. Dismiss, ex. 1 (emphasis added). The Agreement also states that arbitration is to be governed by the Employment Dispute Resolution Procedures of the American Arbitration Association ("AAA"). Under the AAA, in order to begin arbitration proceedings, a claimant must submit to the AAA an initial filing fee at the same time that a written demand is made for arbitration. *See* Ex. B, Fee Schedule, AAA. In this case, because the potential amount at issue, i.e. at least $112,000.00 in commissions, is between $75,000.00 and $150,000, the initial filing fee is $1,800.00.[2] Ex. B, p. 1. There is also a case service fee of $750.00 in the event that the matter proceeds to a first hearing. Ex. B, p. 1. Defendant should not object to a stay of the proceedings as long as it pays the AAA fees and commits to participate in good faith in the arbitration process. Therefore, dismissal of the Complaint is not appropriate and Defendant's motion should be denied.

Defendant's zealous efforts to urge the Court to dismiss the Complaint contravene the intent of the Act and the Court's inherent power to achieve "orderly and expeditious disposition of cases." *Lombard Securities, Inc. v. Thomas F. White & Co.,* 903 F. Supp. 895, 900. Although dismissal may be appropriate in some circumstances, Defendant's actions to date and the wording of the Agreement are not a predicate to Plaintiff being able to avail herself of an arbitral forum in the event that the matter is dismissed. *Compare Lombard,* 903 F. Supp. at 900 (the circumstances of a matter dictate

---

[2] It may be that the commissions exceed $112,000.00, thereby increasing the initial filing fee in accordance with the AAA fee schedule.

whether dismissal rather than a stay is *appropriate*) (emphasis added) (citations omitted). Plaintiff submits that while dismissal is within the discretion of the Court, the motion does not advocate future resolution of the dispute between the parties - it only seeks for the matter to be dismissed from a judicial forum. Defendant's current inactive status in the DC metropolitan area, the omissions from the Agreement regarding filing fees, and Defendant's lack of responsiveness to Plaintiff's past exhaustive efforts to seek redress for her claims dictate that a stay, and not dismissal of the Complaint, is appropriate under the current circumstances.

## III.   CONCLUSION

**FOR** all of the reasons stated above, Plaintiff respectfully requests that the Court deny Defendant's motion, stay further proceedings in the matter, order the parties to participate in arbitration and for Defendant to incur all of the arbitration costs, and any such other and further relief that the Court deems proper.

Respectfully Submitted

By: _____ */S/   William F. Krebs* _____
William Krebs, Esq., # 960534
Juanita F. Ferguson, Esq., # 471045
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
(703) 525-4000
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM./ECF System, which will then send a notification to such filing to the following:

> Brian Patrick Perryman, Esq.
> Weiner Brodsky Sidman & Kider
> 1300 19th Street NW, 5th Floor
> Washington, D.C.  20036
> perryman@ wbsk.com

_/S/   William F. Krebs_
William F. Krebs

7

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MARIANNE SEGURA,                     )
2904 P STREET NW                  )
WASHINGTON, DC 20007          )
                                 )
        Plaintiff,             )
                                 )
v.                                  ) Case No. 1:07-cv-01203 ESH
                                 )
NOVASTAR HOME MORTGAGE, INC.   )
                                 )
        Defendant.           )
                                 )

## AFFIDAVIT

I, Marianne Segura, do attest to the following :

1.    I am over the age of 18 years and am competent to testify as to the matters set forth.

2.    I am a resident of Washington, District of Columbia.

3.    On or about April 2003, I entered into an agreement with Defendant NovaStar Home

Mortgage, Inc. ("Defendant") whereby Defendant agreed to pay me in the form of

commissions for each mortgage that I brokered relating to the placement of financing or

refinance of residential real property in the District of Columbia metropolitan area.

4.    Defendant's office was located at 1055 Thomas Jefferson Street, NW, Washington, DC

("DC Address").

5.    Defendant provided me with numerous documents to execute at the start of my

employment.

6.    I am not aware that I signed an Arbitration Agreement ("Agreement") during my

employment with Defendant.   *See* Def.'s Mot. Dismiss, ex. 1.

7.    I do not dispute that the signature on the undated Agreement under the heading

"EMPLOYEE," is mine.

LAW OFFICES
BEAN, KINNEY & KORMAN
A PROFESSIONAL CORPORATION
2300 WILSON BOULEVARD, 7TH FLOOR
ARLINGTON, VIRGINIA 22201



8.    I do not recall receiving a copy of the Agreement while I was in the employ of Defendant.

9.    I believe that I am owed at least $112,000.00 in commissions as a result of the work that I performed while in the employ of Defendant.

10.   As of early 2006, I was no longer employed by Defendant.

11.   On December 13, 2006, I caused to be sent a letter to Defendant at its headquarters in Kansas City, Missouri (Missouri Address"), via certified and first class mail, in order to resolve the issue of my outstanding commissions.  Ex. A.

12.   To date, Defendant has not responded to the December 13, 2006 letter.

13.   On December 15, 2006, I caused to be sent the same letter to Defendant at the DC Address, via certified and first class mail, in order to resolve the issue of my outstanding commissions.  Ex. B.

14.   To date, Defendant has not responded to the December 15, 2006 letter.

15.   On December 18, 2006, my counsel received a letter from a man named Jim Carter that NovaStar was no longer located at the DC Address.  Ex. C.

16.   On January 29, 2007, I caused to be sent to Defendant at the Missouri address, via facsimile, certified and first class mail, the same letter that I sent to Defendant at the Missouri and the DC address on December 13 and December 15, 2006, respectively.  Ex. D, E.

17.   To date, Defendant has not responded to the January 29, 2007 facsimile or to the January 29, 2007 letter.

18.   On February 1, 2007, I caused to be sent to Defendant at the DC Address but with a different suite number, another letter, via certified mail and first class mail.  Ex. F.

19.   To date, Defendant has not responded to the February 1, 2007 letter.

20.    On February 1, 2007, I also caused to be sent the same letter that I sent to Defendant to First Metropolitan, an entity, which upon information and belief, is a successor business of Defendant.  Ex. G.

21.    To date, I have not received a response from First Metropolitan.

22.    Defendant did not respond to any of my written inquiries to resolve the issue.

23.    Upon information and belief, Defendant no longer maintains an office in the District of Columbia.

24.    Due to Defendant's willful failure to respond to any of my correspondence, on June 7, 2007 I filed a Complaint for Accounting against Defendant in the Superior Court of the District of Columbia.

25.    On June 22, 2007, Defendant, through counsel, contacted my counsel in a purported attempt to resolve my claims.

26.    Defendant's counsel represented that Defendant is no longer in business in the District of Columbia.

27.    Defendant's counsel requested copies of any documentation that I had in support of the amount of commissions that Defendant owes me.

28.    On June 27, 2007, through counsel, I provided to Defendant's counsel, copies of documentation in support of the commissions that Defendant owns me.

29.    To date, the only response that I have received to my June 27, 2007 correspondence is Defendant's Notice of Removal and Defendant's Motion to Dismiss.

30.    I am not opposed to resolving my dispute through arbitration, however, given Defendant's lack of responsiveness to date, I do not believe that Defendant will participate in arbitration absent intervention from the Court.

31.    I respectfully request that the Court not dismiss my cause of action but instead, stay the

proceedings pending the outcome of arbitration.

The foregoing is true and accurate and based upon person inquiry, information, and belief.


_____

Marianne Segura


Signed and Sworn before me


July 19, 2007

DISTRICT OF COLUMBIA


MY COMMISSION EXPIRES


_____

NOTARY PUBLIC

  

ATTORNEYS

PHONE
FAX

Juanita F. Ferguson, Esquire
Admitted: VA and DC
jfferguson@beankinney.com

December 13, 2006

<u>VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED</u>
<u>AND BY FIRST CLASS MAIL</u>

Mr. Donald Anderson
Manager
NOVASTAR  FINANCIAL, INC.
8140 Ward Parkway, Suite 300
Kansas City, MO 64114

**Certified Article Number**

7160 3901 9849 8805 3177

**SENDERS RECORD**

     **RE:   Marianne Segura**

Dear Mr. Anderson:

     Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale real properties.

     According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

     **DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA.  PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN DECEMBER 20, 2006, TO THE FOLLOWING:**

         William F. Krebs
         Marianne Segura
         BEAN, KINNEY & KORMAN, P.C.
         2000 North 14th Street, Suite 100
         Arlington, Virginia 22201



EXHIBIT
A



In the event full and timely payment is not received as demanded, Ms. Segura is prepared to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

Kinldy give this matter your immediate attention.

Sincerely yours,
BEAN, KINNEY & KORMAN, P.C.

Juanita F. Ferguson

cc:    Marianne Segura

7160 3901 9849 8805 3177

**TO:** Mr. Donald Anderson
Manager
NOVASTAR FINANCIAL, INC.
8140 Ward Parkway, Suite 300
Kansas City, MO 64114

**SENDER:** JFF/cb

**REFERENCE:** Segura

2. Article Number



7160 3901 9849 8805 3177



3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

1. Article Addressed to:

Mr. Donald Anderson
Manager
NOVASTAR FINANCIAL, INC.
8140 Ward Parkway, Suite 300
Kansas City, MO 64114

Reference Information

Segura

JFF/cb

PS

  

ATTORNEYS

1505 WILSON BOULEVARD
11TH FLOOR
ARLINGTON, VA 22201
PHONE 703 518.4000
FAX    703 525 2207

Juanita F. Ferguson, Esquire
Admitted VA and DC
Jferguson@beankinney.com

December 15, 2006

<u>VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED</u>
<u>AND BY FIRST CLASS MAIL- **REVISED**</u>
Mr. Donald Anderson, Manager
NOVASTAR FINANCIAL, INC.
1055 Thomas Jefferson Street, NW
Washington, DC 20007

Certified Article Number

7160 3901 9849 8805 3160

SENDERS RECORD

RE:    **Marianne Segura**

Dear Mr. Anderson:

Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale real properties.

According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

**DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA. PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN DECEMBER 20, 2006, TO THE FOLLOWING:**

> William F. Krebs
> Marianne Segura
> BEAN, KINNEY & KORMAN, P.C.
> 2000 North 14th Street, Suite 100
> Arlington, Virginia 22201

In the event full and timely payment is not received as demanded, Ms. Segura is prepared

EXHIBIT
B



to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

Kinldy give this matter your immediate attention.

Sincerely yours,
BEAN, KINNEY & KORMAN, P.C.

Juanita F. Ferguson

cc:    Marianne Segura

**7160 3901 9849 8805 3160**

TO: Mr. Donald Anderson, Manager
NOVASTAR FINANCIAL, INC.
1055 Thomas Jefferson Street, NW
Washington, DC 20007

SENDER:    JFF/cb

REFERENCE:    9950.000

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | | |
|---|---|---|
| Postage | 0.39 | |
| Certified Fee | 2.40 | |
| Return Receipt Fee | 1.85 | |
| Restricted Delivery | | |
| Total Postage & Fees | 4.64 | |

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

**To whom it may concern:**

Please find enclosed a letter delivered inadvertently to my office, which I signed for and
unintentionally opened before noticing it was addressed to Novastar Financial Inc.

Novastar Financial is no longer at this address and has not been for some considerable
time.

Regards,

Jim Carter

Jim Carter

12/18/2006



PS Form 3811, January 2005                    Domestic Return Receipt

EXHIBIT

C

  

ATTORNEYS

2300 WILSON BOULEVARD
7TH FLOOR
ARLINGTON, VA 22201
PHONE 703.525.4000
FAX    703.525.2207

Juanita F. Ferguson, Esquire
Admitted: VA and DC
JFerguson@beankinney.com

January 29, 2007

**<u>VIA FACSIMILE (816/442-6585)</u>**

NOVASTAR  FINANCIAL, INC.
Attention: Legal Department

    **Re:**   **Marianne Segura**

To Whom It May Concern:

    Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale of real properties.

    According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

    **DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA.  PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN FEBRUARY 6, 2007, TO THE FOLLOWING:**

        Marianne Segura
        c/o Juanita F. Ferguson, Esquire
        BEAN, KINNEY & KORMAN, P.C.
        2300 Wilson Blvd., 7th Floor
        Arlington, Virginia 22201

    In the event full and timely payment is not received as demanded, Ms. Segura is prepared



EXHIBIT

_D_



NOVASTAR FINANCIAL, INC.
January 29, 2007
Page 2


to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

Kindly give this matter your immediate attention.

Sincerely yours,

BEAN, KINNEY & KORMAN, P.C.

Juanita F. Ferguson

JFF/dlh

cc:     Marianne Segura

MEMORY TRANSMISSION REPORT

```
                                PAGE      : 001
                                TIME      : JAN-29-07  17:12
                                TEL NUMBER1:
                                NAME      :
```

FILE NUMBER          :   024

DATE                 :   JAN-29 17:10

TO                   : ☎*7036*09950000*918164426585

DOCUMENT PAGES       :   003

START TIME           :   JAN-29 17:10

END TIME             :   JAN-29 17:12

SENT PAGES           :   003

STATUS               :   OK

FILE NUMBER    : 024           *** SUCCESSFUL TX NOTICE ***

---

**BEAN KINNEY & KORMAN**
ATTORNEYS

**Fax Cover Sheet**

2300 Wilson Blvd., 7th Floor
Arlington, VA 22201
Voice: (703) 528-4000
Fax:   (703) 525-2207
DHarvey@beankinney.com

**January 29, 2007**

| To: | RECIPIENT | COMPANY/FIRM | FAX # |
|-----|-----------|--------------|-------|
| | Legal Department | Novastar Financial, Inc. | 816/442-6585 |

From:    Debbie L. Harvey, Legal Assistant to Juanita F. Ferguson

Re:      Marianne Segura

Our No:  9950.000

No. Pages:    3  (including cover)

Original to follow by mail:      YES      X   NO

**Message:    Please see attached letter dated 1/29/07.
If you have any questions, please contact
Ms. Ferguson directly.**

  

ATTORNEYS

2300 WILSON BOULEVARD
7TH FLOOR
ARLINGTON, VA 22201
PHONE 703.525.4000
FAX    703.525.2207

Juanita F. Ferguson, Esquire
Admitted: VA and DC
JFerguson@beankinney.com

**Certified Article Number**

7160 3901 9849 8805 7328

**SENDERS RECORD**

January 29, 2007

<u>**VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED**</u>
<u>**AND BY FIRST CLASS MAIL**</u>

NOVASTAR FINANCIAL, INC.
c/o The Corporation Trust, Inc.
300 E. Lombard Street
Baltimore, MD 21202

    **Re:**   **Marianne Segura**

To Whom It May Concern:

    Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale of real properties.

    According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

    **DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA. PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN FEBRUARY 6, 2007, TO THE FOLLOWING:**

    Marianne Segura
    c/o Juanita F. Ferguson, Esquire
    BEAN, KINNEY & KORMAN, P.C.
    2300 Wilson Blvd., 7th Floor
    Arlington, Virginia 22201



EXHIBIT
E

BK
BK

NOVASTAR FINANCIAL, INC.
January 29, 2007
Page 2

In the event full and timely payment is not received as demanded, Ms. Segura is prepared to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

Kindly give this matter your immediate attention.

Sincerely yours,

BEAN, KINNEY & KORMAN, P.C.

Juanita F. Ferguson

JFF/dlh

cc:     Marianne Segura

7160 3901 9849 8805 7328



TO: NOVASTAR FINANCIAL, INC.
C/o The Corporation Trust, Inc.
300 E. Lombard Street
Baltimore, MD 21202



2. Article Number

7160 3901 9849 8805 7328

3. Service Type   CERTIFIED MAIL
4. Restricted Delivery? (Extra Fee)        ☐ Yes
1. Article Addressed to:
NOVASTAR FINANCIAL, INC.
C/o The Corporation Trust, Inc.
300 E. Lombard Street
Baltimore, MD 21202

COMPLETE THIS SECTION ON DELIVERY
A. Received by (Please Print Clearly)   B. Date of Delivery
C. Signature
X _____   ☐ Agent  ☐ Addressee
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

Reference Information
Segura   9950.000

JFF/dlh

**KINNEY** **KORMAN**
ATTORNEYS

~~SON BOULEVARD 7TH FLOOR, ARLINGTON VA 1999~~

RO VA 220

01 FEB 2007 PM 4 L

**CERTIFIED MAIL**

7160 3901 9849 8805 7298

**RETURN RECEIPT REQUESTED**

Mr. Donald Anderson
NovaStar Financial Inc.
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

NL 737

---

Thank you for using Return Receipt Service

**RETURN RECEIPT REQUESTED**
**USPS MAIL CARRIER**
**DETACH ALONG PERFORATION**

**2. Article Number**

7160 3901 9849 8805 7298

**3. Service Type   CERTIFIED MAIL**

**4. Restricted Delivery? (Extra Fee)**  ☐ Yes

**1. Article Addressed to:**

Mr. Donald Anderson
NovaStar Financial, Inc.
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

PS Form 3811, January 2005          Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

| A. Received by (Please Print Clearly) | B. Date of Delivery |

C. Signature

X                                          ☐ Agent
                                           ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

Reference Information

Segura     9950.000

JFF/dlh

**EXHIBIT**

F

for using Return Receipt Service

  

ATTORNEYS

2300 WILSON BOULEVARD
7th FLOOR
ARLINGTON, VA 22201
PHONE 703.525.4000
FAX      703.525.2207
Juanita F. Ferguson, Esquire
Admitted: VA and DC
JFerguson@beankinney.com

Certified Article Number

7160 3901 9849 8805 7298

SENDERS RECORD

February 1, 2007

<u>VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED
AND BY FIRST CLASS MAIL- **REVISED**</u>

Mr. Donald Anderson, Manager
NOVASTAR  FINANCIAL, INC.
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

> **RE:   Marianne Segura**

Dear Mr. Anderson:

Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale of real properties.

According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

**DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA.  PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN FEBRUARY 9, 2007, TO THE FOLLOWING:**

> Marianne Segura
> c/o Juanita F. Ferguson, Esquire
> BEAN, KINNEY & KORMAN, P.C.
> 2300 Wilson Blvd., 7th Floor
> Arlington, Virginia 22201

Mr. Donald Anderson, Manager
February 1, 2007
Page 2


In the event full and timely payment is not received as demanded, Ms. Segura is prepared to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

Kindly give this matter your immediate attention.

Sincerely yours,

BEAN, KINNEY & KORMAN, P.C.

Juanita F. Ferguson

JFF/dlh

cc:    Marianne Segura


7160 3901 9849 8805 7298

**TO:**
Mr. Donald Anderson
NovaStar Financial, Inc.
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

**SENDER:**    JFF/dlh

**REFERENCE:**    Segura  9950.000

PS Form 3800, January 2005

| | | |
|---|---|---|
| RETURN RECEIPT SERVICE | Postage | 0.39 |
| | Certified Fee | 2.40 |
| | Return Receipt Fee | 1.85 |
| | Restricted Delivery | |
| | Total Postage & Fees | 4.64 |

US Postal Service
**Receipt for Certified Mail**

POSTMARK OR DATE

2/1/07

No Insurance Coverage Provided
Do Not Use for International Mail



**KINNEY** | **KORMAN**
ATTORNEYS

**CERTIFIED MAIL**

7160 3901 9849 8805 7281

**RETURN RECEIPT REQUESTED**

Mr. Donald Anderson
First Metropolitan Mortgage
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

NAME
1st Notice
2nd Notice
Return

c

Thank you for using Return Receipt Service

**RETURN RECEIPT REQUESTED**
**USPS MAIL CARRIER**
**DETACH ALONG PERFORATION**

2. Article Number

7160 3901 9849 8805 7281

| COMPLETE THIS SECTION ON DELIVERY | | |
|---|---|---|
| A. Received by (Please Print Clearly) | | B. Date of Delivery |
| C. Signature X | | ☐ Agent ☐ Addressee |
| D. Is delivery address different from item 1? If YES, enter delivery address below: | | ☐ Yes ☐ No |

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

Mr. Donald Anderson
First Metropolitan Mortgage
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

Reference Information

Segura  9950.000

JFF/dlh

Domestic Return Receipt

Thank you for using Return Receipt Service

**EXHIBIT**

G

 

ATTORNEYS

2300 WILSON BOULEVARD
7TH FLOOR
ARLINGTON, VA 22201
PHONE 703.525.4000
FAX    703.525.2207

Juanita F. Ferguson, Esquire
Admitted, VA and DC
JFerguson@beankinney.com

Certified Article Number

7160 3901 9849 8805 7281

SENDERS RECORD

February 1, 2007

<u>VIA CERTIFIED MAIL-RETURN RECEIPT REQUESTED
AND BY FIRST CLASS MAIL- **REVISED**</u>

Mr. Donald Anderson, Manager
FIRST METROPOLITAN MORTGAGE
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

    **RE:    Marianne Segura**

Dear Mr. Anderson:

    Please be advised that Bean, Kinney & Korman, P.C. has been retained by Marianne Segura to represent her interests with respect to your contractual obligation to compensate Ms. Segura for commissions earned in the sale of real properties.

    According to the terms of the agreement that you entered into with Ms. Segura, to date NovaStar/First Metropolitan owes commissions that Ms. Segura earned from 2003 to August, 2006, as well as an accounting for all such commissions.

    **DEMAND IS HEREBY MADE FOR IMMEDIATE PAYMENT OF THE OUTSTANDING COMMISSIONS DUE MS. SEGURA. PAYMENT SHOULD BE DELIVERED AS SOON AS POSSIBLE, AND IN ANY EVENT, BY NO LATER THAN FEBRUARY 9, 2007, TO THE FOLLOWING:**

        Marianne Segura
        c/o Juanita F. Ferguson, Esquire
        BEAN, KINNEY & KORMAN, P.C.
        2300 Wilson Blvd., 7th Floor
        Arlington, Virginia 22201

Mr. Donald Anderson, Manager
February 1, 2007
Page 2

In the event full and timely payment is not received as demanded, Ms. Segura is prepared to take such action as is necessary to protect her interests, including without limitation, enforcement of the rights and remedies available under District of Columbia law.

Kindly give this matter your immediate attention.

Sincerely yours,

BEAN, KINNEY & KORMAN, P.C.

Juanita F. Ferguson

JFF/dlh

cc:    Marianne Segura

7160 3901 9849 8805 7281

**TO:**
Mr. Donald Anderson
First Metropolitan Mortgage
1055 Thomas Jefferson Street, NW
Suite 220
Washington, DC 20007

**SENDER:**    JFF/dlh

**REFERENCE:** Segura   9950.000

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | 0.39 |
|---|---|---|
| | Certified Fee | 2.40 |
| | Return Receipt Fee | 1.85 |
| | Restricted Delivery | |
| | Total Postage & Fees | 4.64 |

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

2/1/07

All expenses of the arbitrator, including required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the employer.

For Disputes Arising Out of Individually-Negotiated Employment Agreements and Contracts:

The AAA's Commercial Fee Schedule, below, will apply to disputes arising out of individually-negotiable employment agreements and contracts, even if such agreements and contracts reference or incorporate an employer-promulgated plan.

The administrative fees of the AAA are based on the amount of the claim or counterclaim. Arbitrator compensation is not included as part of the administrative fees charged by the AAA. Arbitrator compensation is based on the most recent biography sent to the parties prior to appointment. Unless the parties agree otherwise, arbitrator compensation, and expenses as defined in section (v) below, shall be borne equally by the parties and are subject to reallocation by the arbitrator in the award.

(i) Filing Fees and Case Service Fees

An initial filing fee is payable in full by the filing party when a claim, counterclaim, or additional claim is filed. A case service fee will be incurred for all cases that proceed to their first hearing. This fee will be payable in advance at the time that the first hearing is scheduled. This fee will be refunded at the conclusion of the case if no hearings have occurred. However, if the Association is not notified at least 24 hours before the time of the scheduled hearing, the case service fee will remain due and will not be refunded.

These fees will be billed in accordance with the following schedule:

| Amount of Claim | Initial Filing Fee | Case Service Fee |
|---|---|---|
| Above $0 to $10,000 | $750 | $200 |
| Above $10,000 to $75,000 | $950 | $300 |
| Above $75,000 to $150,000 | $1,800 | $750 |
| Above $150,000 to $300,000 | $2,750 | $1,250 |
| Above $300,000 to $500,000 | $4,250 | $1,750 |
| Above $500,000 to $1,000,000 | $6,000 | $2,500 |
| Above $1,000,000 to $5,000,000 | $8,000 | $3,250 |
| Above $5,000,000 to $10,000,000 | $10,000 | $4,000 |
| Above $10,000,000 | * | * |
| Nonmonetary Claims** | $3,250 | $1,250 |

*** This fee is applicable only when a claim or counterclaim is not for a monetary amount. Where a monetary claim amount is not known, parties will be required to state a range of claims or be subject to the highest possible filing fee.Fee Schedule for Claims in Excess of $10 MillionThe following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.*

Fee Schedulefor Claims in Excess of $10 Million

The following is the fee schedule for use in disputes involving claims in excess of $10 million. If you have any questions, please consult your local AAA office or case management center.

| Claim Size | Fee | Case Service Fee |
|---|---|---|
| $10 million and above | Base fee of $ 12,500 plus .01% of the | $6,000 |



EXHIBIT

B

tabbies

MARIANNE SEGURA,

      Plaintiff,

v.

  NOVASTAR HOME MORTGAGE, INC.

      Defendant.

Case No. 1:07-cv-01203 ESH

## ORDER

**Upon consideration of** Defendant NovaStar Mortgage, Inc.'s ("Defendant") Motion to Dismiss, and Plaintiff's response thereto, it is hereby

**ORDERED,** that the motion is DENIED; and it is

**FURTHER ORDERED** that the current matter is stayed pending arbitration; and it is

**FURTHER ORDERED** that the parties submit the matter to arbitration within 10 (10 days of the date of this Order; and it is

**FURTHER ORDERED** that Defendant pay all of the costs associated with the arbitration.

DATED this _____ day of _____, 2007

_____
           Judge Ellen Huvelle

8